314-0511, people of the state of Illinois, by Justin Nicolosi v. Jan Morse, and found by Marlene Williams. Ms. Williams, before you proceed, I know that you've been in the courtroom, but just for the record, Justice McDade is under the weather today and isn't able to be with us, but she is prepared, she's fully participating in the decision, and with that, you may proceed. Thank you, Justice. May it please the Court, Counsel, I'm Marlene Williams, appearing on behalf of Appellant Chad Morse. I am aware that the panel I am standing in front of is not particularly in favor of an attorney reciting the facts, but I would like to just mention a few facts in outline form, because the facts in this case are so important and they're so unbelievable, and if I didn't talk about the facts, I really wouldn't have a lot to talk about, simply because the law is so straightforward. So Chad begins with, he's sitting in the Whiteside County Jail awaiting a charge of aggravated driving under the influence. He hires a private attorney. The private attorney could not secure an offer from the state, so he asks the judge and the prosecutor for a 402 conference. They have the 402 conference without Mr. Morse being aware of it. He didn't know they were going to have one. They had not talked ahead of time, Mr. Morse and his attorney. Mr. Morse didn't even know what a 402 conference was. So the 402 conference takes place between the judge, the prosecutor, and the defense attorney, all three lawyers who knew the rules and knew how grave a mistake it was, and also knew they shouldn't be doing it without the consent of Chad. They have the 402 conference. I'm sure it's unclear what happened, because obviously there's no transcript of it. Every 402 conference that I've been a part of, the prosecutor can't wait to spill all the beans, and the first thing out of their mouths is how great, how high the BAC content was. That was disclosed, the police reports, any conversations with the officers. What was not disclosed because Mr. Morse was not consulted ahead of time was his argument to the court. He was not asked to supply anything that he might have to say about his work history, family situation, other things, any kind of an excuse he might have. His input was not acknowledged or asked for. The federal constitution and our state constitution both afford a criminal defendant the general right to be present not only at trial, but at all critical stages of the proceedings, from arraignment to sentencing. So the first step is to decide, was this critical? Is the 402 conference a critical part of the proceedings? Under People v. Lindsey, 2002 Supreme Court case, it's been recognized that any proceeding where a defendant asserts or waives constitutional rights may be deemed critical. Mr. Morse would have waived constitutional rights if he would have been admonished. The rule 402 lays out many paragraphs that had to have been read to, that should have been read to Mr. Morse. Well, okay, I mean, I don't think anybody disputes there was error here, so is it your position that can never be cured? It is my position, Your Honor, that it can never be cured, simply because we don't know what took place at that conference. So if the error that occurred here occurs, then the only choice you have is to release the defendant, drop the charges? I would not say it's to, it would be to drop the charges, I would say a remedy would be to have the judge recuse himself or have the lawyer ask for a new, bring a motion for cause to have a new judge on the case, simply because of the seriousness of this mistake. Why did, now, your client had a new lawyer. Correct. Why? He, after the 402 conference, the lawyer that took part in the 402 conference talked to Chad and said, you know, the judge is going to throw the book at you, you're going to get the maximum. He's already decided you're guilty, he's going to give you the maximum. Chad said what a lot of defendants say, I want a new judge. At that point he learned from his attorney, no, you can't, we already had a 402 conference. So he said, what's a 402 conference? He didn't ask his lawyer, he went back and asked the other detainees, what is a 402 conference? He was upset, as you would imagine, and he said, that's it, I don't want this lawyer, I can't trust him. He tries to come into court a month, well, this was a month after the 402 conference, he went into court, tried to have his attorney withdraw. The judge said, does this have anything to do with the fact that we had a 402 conference? He didn't ask Chad, he asked the lawyer. The lawyer immediately says, no, that's not right, even though it was right. Chad prepared an affidavit for post-trial motion, and he said, this is why I wanted a new lawyer. The judge said, no, you're stalling, without even asking Chad, is it true you're upset because we had a 402 conference? He did not get a new attorney until January, but it was in October that the judge said, no, you're stalling, I'm not going to allow this attorney to withdraw. So he came back the next week, and he withdrew his right to a jury trial. So here he is, standing in front of the judge that heard this conference, and he's going to have a bench trial in front of him, with the attorney that he cannot get rid of, that had this conference without his knowledge. Ultimately, he got rid of this lawyer. He did get rid of the lawyer, but what was more important was... And then what? He should have worked to get rid of the, to have the judge off the bench, because the judge was well aware of everything, it was one-sided. Don't trial judges often hear inadmissible, ruling on motions they may grant or deny or whatever? Trial judges always hear stuff that wouldn't necessarily be admissible at trial or hangout. They're kind of presumed that they put those types of things aside. Well, what's missing here is Chad's input. He wasn't able to give his side to the court. Was he able to give his input at a sentencing hearing after he pled? He was, Your Honor. So that's the same input he would have put in earlier, right? Well, it's unclear if he would have gone to trial, if his attorney would have asked for another attorney. Maybe the other attorney who was hearing the evidence for the first time at trial would not have ended up giving Chad the maximum sentence. It boils down to, it's a constitutional right. It's elevated to the right to counsel, the right to jury trial. Both rules dictate that they have to be an open court. Well, did he, after he got the lawyer, was there a motion to withdraw the jury waiver? No, and that was our contention, which was ineffective assistance. The new attorney should have said, wait a minute, this is not right. We have to object to this 402 conference. Admonishments were not given. This judge knows an awful lot about this case that he shouldn't know. No, it wasn't. They did not attempt to have the judge taken off the case and he did not try to get the jury waiver reversed or withdrawn. There is talk in the state's brief, I believe it's on page 10, that mentioned that there was another waiver. I looked through the record. I attempted to look at the record today, but I'm too late. When I was preparing my appellant's brief, I didn't believe there was a document, a second one, waiving jury trial. And it's still unclear to me whether there was a second one. But People v. Lindsey even mentions that. And they mentioned that in People v. Young, they had determined or found that a valid jury waiver, where the defendant was not present in open court when a jury waiver, written or otherwise, was at least discussed. There is nothing in the transcripts that show that there was a second waiver of the jury trial. There is no docket entry for the same either. What's a little bit odd in this case, it went to a plea immediately after this new attorney was hired. He answered a guilty plea, went to sentencing. At that time, the judge said, wait a minute, there's a motion that was put in the file a long time ago. No one ever brought it up. It's a motion for a fitness evaluation. He stopped everything. He did the evaluation. They came back. They never said, okay, Chad, you're going to have to withdraw your first guilty plea. You're going to start all over. You can have a jury trial if you'd like. Nothing like that occurred. They just went on to a second guilty plea. Not only is this right to be informed or be admonished for a 402 conference elevated to the same standard as right to counsel, right to jury trial, but the rule itself mentions twice, and this is when the judge is admonishing the defendant. He says that without the conference, the judge, I, would not learn about this information unless the case proceeded to trial. Two paragraphs later, again, the judge is supposed to say that these are things that the judge would not learn about unless the case went to trial and the defendant was found guilty. You know what, the rule says that, but is that true? I mean, there's got to be a factual basis for the plea, right? That is true. I mean, so to say that the judge wouldn't learn about this unless it went to trial, even though the Supreme Court wrote that in a rule, in reality, it ain't so, right? Because the factual basis, they've got to put a factual basis on it. And then he'll also hear all this stuff at a sentencing hearing, even on a plea, right? I don't know if I would agree with that, Your Honor. I don't believe that the court would learn the same extent as it can learn when there is no court reporter and it's a free-for-all. Also, it's the facts that the prosecutor usually states after the defendant has entered a plea, I believe, are usually summarized. It's not to the extent that, you know, the rule is pretty in-depth about what is going to be discussed. The facts of the case, police reports, conversations with the witnesses. And then the defense attorney is supposed to let the judge know that if there was a family situation, work history, other things. Driving record comes in, prior criminal history. You're right, Your Honor, those things do come in at the sentencing, but it's after a plea is entered. And in my experience, it's not very often where a court will say, alright, you've entered a guilty plea, I'm not going to accept it because of the facts that were just recited. So after we determined that it was critical, then Phillips has, I'm sorry, People v. Lindsay, Phillips, People v. Phillips states that even if it might be a critical stage, a defendant's absence is not per se a constitutional violation. Only if the record demonstrates that the defendant's absence caused the proceeding to be unfair or if his absence resulted in a denial of an underlying substantial right. It's our contention that he was denied a substantial right and the proceedings were unfair. For three lawyers to blatantly disregard a rule that most other judges take very seriously and admonishing, and I even had a client that, you know, after I told him, you know, the judge is going to give a recommendation and it might go against what the state has offered and the state might bump up their offer, I've had clients say, no, then I don't want this 402 conference. Is there some evidence anywhere here, and maybe it wasn't developed, that your client has some defense to this charge? In other words, would there be a logical reason to take this case to a jury trial? No. He has indicated that there is a defense. I prefer to not disclose it, but it's my contention that it doesn't matter. A rule is a rule, and it says, you know, admonish the defendant before we have this 402 conference. Thank you. Thank you, Justices. Mr. Nicolosi? Good afternoon, Your Honors. May it please the Court, Counsel. Your Honors, the people would acknowledge, sure, there was error in this case, of course. The defendant was not properly admonished pursuant to Rule 402D. However, the big issue in this case was their actual prejudice to the defendant. What's the harm in this case? The people would submit there was no harm for the failure to notify him of this 402D conference, and there are several reasons why he wasn't prejudiced. The people would generally submit that he wasn't prejudiced because all his options were still available to him, regardless of whether this conference happened. It doesn't matter what the judge of the conference learned. However, the defendant was still free to, of course, refuse the judge's recommendation as to sentence, which of course the defendant did. He did not plead guilty right after this conference. He even got a new lawyer. He waited 10 months before he pled guilty. He clearly contemplated this case, got a new lawyer, basically started anew with a new counsel, and still decided to plead guilty ultimately 10 months after this conference. That shows that this wasn't a situation where he was forced into pleading guilty because he went to this conference. Of course, that's not the case. It didn't happen. I think we all can agree that there's no requirement after a 402 conference. You're not required to plead. You can go forward. Certainly the rule is drafted such that there are certain safeguards that are intended to advise an individual that they may be letting out more information than would be in their best interest. I think counsel mentioned there are times when you've got an offer and you go to a 402 conference and you might get a recommendation from a judge that is worse. Certainly it can be damning. Given that, if we know there's error, how is it that this is something where we're supposed to give these admonishments and we know that he wasn't aware that this was even happening, not just that he didn't participate, but that he didn't consent? Your Honor, the thing is, and Justice Schmidt mentioned this earlier, even if there is information that is gleaned at this hearing, at this conference, that wouldn't have come out otherwise, although arguably it, of course, would have come out at the factual basis of the plea or in sentencing. If there were things that the judge considered at this conference that maybe weren't admissible at trial, if the defendant went to choose a bench trial, say under this judge, the judge, as Justice Schmidt mentioned, he wouldn't be able to use any of this information, any of this potentially harmful information that was disclosed at this hearing wouldn't be used at a trial. The judges are presumed to know the law and apply it properly. And if there were things coming in at this conference that weren't admissible at trial, they wouldn't be admitted at trial. The judge wouldn't consider them. And so basically the fact that the only, as the people acknowledge in their brief, the only presumable prejudice in this case is that by this conference occurring, the defendant cannot substitute judge at that point. But again, as the people wrote quite often in their brief, none of this information that was gleaned at this hearing would be used. So what would be the prejudice if he were to, say, refuse the judge's recommendation, as of course he did, and then if he truly wanted to go to a bench trial, and again, there is no evidence in the record that he wanted to go to a bench trial, he still could have done that and been tried by an untainted judge. Of course, he also could have opted for a jury trial. Counsel mentioned she couldn't find in the record a second jury trial waiver that people would point direct attention to our brief at page 10, as counsel mentioned. It says that he waived his right to a jury trial in November 2012. That was with his first attorney. That was at the common law record at page 71. And then in March 2013, with his new attorney, Counsel Burrell, he signed another document indicating his desire to waive jury trial. And then the people would add a third time he essentially waived jury trial was the day of his plea at the plea hearing in July of 2013. The judge, once again, advised the defendant he had a right to a jury trial and explained what that meant and explained his right to a bench trial. And the defendant persisted in his desire to plead guilty. The people would submit that's basically a third waiver of jury trial. So there are multiple issues in the defendant's brief about how counsel was ineffective for failing to move to withdraw this jury trial waiver. The people would submit counsel can't possibly be held ineffective for proceeding in a manner that obviously his client wouldn't want him to do. The defendant did not want a jury trial. So how could counsel be ineffective for failing to withdraw his jury trial waiver? The people would also submit, as again Justice Schmidt mentioned, the facts of this case I think reflect a very, very slim chance of success at any trial for defendant. And therefore, I don't see how counsel can be ineffective because there's just no reasonable probability that the result of this case would have been different if defendant had chose a different option. The factual basis presented was the defendant was drinking in a bar and drove his vehicle with his sister and his girlfriend, I believe, in the vehicle. He struck the victim in this case who was standing just off of the road, killing that individual. And the defendant blew a .181, or I'm sorry, I believe it was a urine test. I don't have that specifically. But I believe the chemical test revealed a .181, which the facts seem pretty straightforward. And the people would submit that it just doesn't seem to be, it wouldn't have been a wise move to go any other route than plead guilty. But nevertheless, for all the reasons the people have mentioned up to this point, the defendant was quite simply free to entertain any option he wanted to after this conference, regardless of whether he knew about it or even attended it. Counsel also makes an argument about whether his plea counsel Burrell, I guess that's probably the easiest way to distinguish his use of names, counsel Burrell was ineffective for not moving to substitute judge. That was the defendant's fourth argument. The people would submit that merely participating in this 402D conference doesn't create the kind of prejudice that warrants a removal for cause. Otherwise, of course, the rule would require that removal. Well, the rule does say that you admonish a defendant, that you understand that if you agree to this 402 conference and you don't like what you hear, you can't bounce the judge as a matter of right because he's heard this stuff. Sure. I mean, a little bit implicit about that is if you don't admonish him, a motion for change of venue, in other words to bounce that judge and get a new judge, might ought to be allowed. But that's still got to get to the prejudice issue. And that's where I'm going back to, Judge. A little strickling, right? Yeah, yeah. I just don't see how the judge learning all this information at this conference could prejudice this defendant or any defendant because even if at that point you can't substitute per rule 402D, none of the information that was learned at this conference that would be inadmissible at trial would be considered by the trial judge. The judge, again, is presumed to know the law. He or she knows what evidence is admissible, inadmissible. Of course, if this went to trial, the state admitting evidence would have to meet all thresholds of admissibility and foundations. And everything that would be properly permitted at trial, there can't be any objection that the judge learned any of this stuff at a 402 conference. So the people would argue that quite simply, if the defendant chose a bench trial, desired a bench trial, he could have gone that route and would have been tried by a clearly untainted judge. And quite simply, there just isn't any prejudice resulting from defendants not... There is the prejudice in terms of prejudice, but he is unable to exercise his right of substitution. By virtue of this 402 conference occurring without his consent, he's not knowingly waiving that right. I guess I have a hard time getting past, well, it doesn't matter because the judge was going to be fair. Then why would anyone ever have the right to remove a judge once for cause? There's a reason that we have that right, and I guess I'm just having a hard time saying, well, yes, he has a right to be admonished. But since we didn't exercise that right, so what? He's got to prove prejudice. The only thing that he could have done that he can't do now is to get rid of this judge on strike as of right. Which, that doesn't matter that he can't do that, because he could have had a bench trial and he would have had a fair judgment. When these things start to accumulate, I guess at what point do you say that this is prejudice? When the rule requires the admonition and the agreement to participate, and when none of that happens, then the other pieces that are rights that can no longer be exercised by this individual, that how can we say, well, but that isn't prejudicial, it's harmless. Those are things that he knowingly gave up, just things that didn't happen. Your Honor, I understand, and again, I acknowledge that everything in this case was not handled properly according to the rules, but the people also submit that not every violation of a Supreme Court rule, for example, or a statute, or what have you, necessitates reversible error. Again, I think the main objective of any case, of any judge, is to get the decision correct. And I think, obviously, the prejudice prong of an effective assistance of counsel analysis focuses on, was the decision correct? Sure, there was error. You know, there's two prongs, deficient performance and prejudice. The people are conceding, basically, that there was deficient performance and that the defendant wasn't notified. But, who wears the harm? That's what the people are continuing to go back to. There's just no harm here. He could have had a bench trial. He could have had a jury trial. He, of course, could have pled guilty. He could have refused the judge's recommendation, which he did. Ten months later, got new counsel. And, you know, the people would assume that with his new counsel, if there was some other avenue that was more desirable than the one he chose to go down, he would have done that. But they didn't. You know, they started anew with counsel, and this is where we ended up. Thank you. The people just continue to go back to whether or not there was any harm here. And, sure, there was a violation of the Supreme Court rule, but where's the harm? This defendant, again, could have gone to bench trial in front of this judge with a clean slate and, sure, you know. After new counsel came on board, was there ever a motion for a change of venue for a new judge? I don't believe so. I don't recall, but I don't believe so. Was there ever a motion for a jury trial? Nope. Wait for that? Nope. Okay. Everybody was aware of the faulty 402, right? Certainly. I would assume so at that point. I guess I don't know. At least that's why you can't just hold lawyers. Yes, counsel did remember that. I don't remember that. I'm sure it was in there. I just don't recall at that point. And it seems like, again, pointing to the facts that were presented at the factual basis of this plea, I think it's certainly reasonable to understand why the defendant chose the path that he did based on those facts. They're a pretty clear cut. So, again, the people said that there's no harm, therefore there's no prejudice, there's no ineffective assistance of counsel. That people would request that this court affirm the defendant's guilty plea and sentence in this case. If there are any other questions, I'd be happy to answer them. Thank you, Mr. Nicholas. Thank you. Ms. Williams for rebuttal. Not only was the rule violated, but our Constitution was violated. Well, even Constitutional violations aren't all reversible and they can be waived. And here's my point. He's got a new lawyer, correct? Uh-huh. He did not file a motion to bounce this judge, right? Correct. He did not file a motion asking for a jury trial. Correct. Knowing about the faulty 402 conference, he then went and pled guilty. And doesn't our U.S. Supreme Court say that one way to waive constitutional error is to plead guilty with knowledge of it? And you've got ineffective assistance claims, I presume, saying, gee, the lawyer should have done this. But how do we get to the prejudice prong of that? And at this stage of the game, how do we know that he didn't discuss these things with your client? And, gee, you want a jury trial? No. And, you know, how do we meet the ñ at this stage and on this record, how do we find prejudice? Your Honor, it's ñ going back to your question about how ñ I mean, Chad, here he had three persons meeting without his knowledge. How is he feeling when he's like, he can't trust anybody? Would it make a difference if it was 15 people meeting in this 402 conference? I mean, it was ñ everybody agrees that was error. And it was a violation of the rules. And yet, with knowledge of that, he didn't file a motion to bounce the judge. I'm contending that Chad probably didn't know he could have. Well, he had a new lawyer, and he also didn't ask for a jury trial. He probably didn't know he could have tried to get that. So it seems to me you're making the assumption, you want us to make the assumption, that his new attorney was as incompetent as Noriega's dermatologist. I mean, why would we presume that this lawyer wouldn't have advised him, after he canned the old guy, for participating in the 402 conference without his knowledge? Because on an ineffective assistance, you agree you've got the burden to show prejudice. And on this record, without ñ you know, this isn't ñ if it was in a PC, maybe you could do that. I don't know, but on this record, how do we find prejudice? Because we don't know what conversations your client had with his new lawyer about how to proceed in light of what had happened in the past. Well, I first want to say that the Supreme Court in 2004, and I can't recall the case, did not say if you plead guilty, you waive all this, all the issues, constitutional challenges. And in this case, the ñ you know, to focus on privilege or prejudice, it's always beneficial to the state when they have that. When they don't know what to do, they say, well, there is no harm anyway. But if a defendant came in here, drove home with a .181, got home, woke up the next day, didn't remember driving, there was no harm, nothing happened, if he would have been caught that night, if he would have said, there's no prejudice, no one got hurt, there's nothing ñ it would not have flown. Look, we're dealing with that. The fact is, Strickland says, and the Supreme Court says, whether either one of us liked it on an ineffective assistance claim, you've got to show that the lawyer did something, failed to act as a reasonable lawyer should have, and B, your client was prejudiced as a result of that. So it's not the state, it's the U.S. and Illinois Supreme Courts that say that. Well, Justice, I think that's the problem. I'm focusing on the due process clause of the Illinois Constitution and the federal Constitution. Thank you. And if it says, and if Phillips states, a defendant's absence from a critical stage proceeding will violate his constitutional rights only if the record demonstrates that defendant's absence caused the proceeding to be unfair. Period. That happened. Okay, well, where's the unfairness then? Instead of prejudice, we'll talk about what was unfair about the ultimate conclusion. He was not, I'm not saying, it doesn't say the ultimate conclusion. It says, was the proceeding unfair? And the proceeding was unfair. And then it also goes on to say, or if his absence resulted in a denial of an underlying substantial right. He had a right, and it was known that he had this right, because the rule, 402, makes it perfectly clear. You have to be admonished on all these things, and you have to say it's okay, and you can't, you can waive it. Well, then under your theory, that's an incurable error. It is an incurable error. Game over. Right? Thank you. Under your theory, game over. I would just like to add one final thought, and this is McLaurin, which is also cited in Phillips. In the McLaurin court, there was a jury trial. There were five notes. The defendant wasn't brought in to know about these five notes. And then the sheriff had an ex parte conversation with the jurors as well. But this court called, I mean, the court called that an ex parte communication. And then it went on to say, the cumulative effect of the trial court's violations of the defendant's constitutional rights was so serious that it affected the fairness of his trial. That's what this is all about. It's the cumulative effect of his constitutional rights being violated. Well, the cumulative error was one 402 conference that was done wrong and admittedly error. Well, then he wasn't allowed to get a new attorney. Well, he was allowed to get a new attorney. Ultimately, he got a new attorney. Ultimately, but not before he waived his right to a jury trial. He was never told he could have a jury trial after the fact. Well, we don't know that. We don't know what he and his counsel talked about. And he was told about his right to a jury trial on the day he pled guilty. Your Honor, I would submit that's too late. Thank you, Justice Sotomayor. Thank you both for your arguments here today. A written decision will be issued to assist.